THE SMITH–FRAZIER BOOT & SHOE COMPANY, Appellant,
v. THE WESTERN UNION TELEGRAPH COMPANY,
Respondent.

Kansas City Court of Appeals, April 4, 1892.

Telegrams: DAMAGES FOR DELAYED DELIVERY: LIMIT OF PRESENTATION
OF CLAIM FOR. Agreements limiting the time for presenting claims
for damages for the delayed delivery of a telegram are universally
upheld, where the time limited is reasonable, and sixty days from
date of sending is a reasonable time; and the evidence in this case is
*held* to show that plaintiff did, within the sixty days limited, learn of
the delayed delivery and consequent damages, or could have done so
by the use of ordinary diligence.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY
M. RAMEY, Judge.

AFFIRMED.

*Reed, James & Randolph,* for appellant.

(1)   Appellant was damaged by respondent's gross
negligence in not delivering the message from appellant
to its attorney, M. M. Fuller, October 31, 1887, to the
amount of the value of the property left after satisfying
the first five attachments and costs therein. *Bliss v.
Tel. Co.,* 30 Mo. App. 103; *Hadley v. Baxendale,* 9
Exch. 341; 3 Sutherland on Damages [1882 Ed.] p.
298, bot. pp. 305, 306; *Griffin v. Colver,* 16 N. Y. 489;
*Abeles v. Tel. Co.,* 37 Mo. App. 554. (2)   Appellant
did not know of the non-delivery of the message, or of
its claim for damages, until more than sixty days after
the sending of the message, and, therefore, could not
make a claim to respondent for damages within that

time. (3) The "term" or condition printed on the telegraph blank on which the appellant sent the telegram to its attorney, requiring claim for damages to be made in sixty days from the sending of the message, was under the facts in this case impossible, unreasonable and unjust, and, therefore, contrary to public policy, and void. *Massengale v. Tel. Co.*, 17 Mo. App. 257, 260–61; *Heinman v. Tel. Co.*, 57 Wis. 562; 16 N. W. Rep. 32; Thompson on Law of Electricity, sec. 255. (4) The printed term or condition on the telegram, requiring the message to be repeated, does not affect this case, as the damage resulted, not from error in transmitting the message, but from gross negligence, against which telegraph companies, like common carriers, cannot limit their liability. *Wann v. Tel. Co.*, 37 Mo. 482; *Becker v. Tel. Co.*, 7 N. W. Rep. (Neb.) 868, which cites: *Redpath v. Tel. Co.*, 112 Mass. 71; *Grinnell v. Tel. Co.*, 113 Mass. 299; *Potts v. Railroad*, 17 Mo. App. 394, 401, 402, citing *Railroad v. Strain*, 81 Ill. 504; *Railroad v. Pratt*, 89 U. S. 831; *Abraham v. Tel. Co.*, 23 Fed. Rep. 315, 317, citing *Express Co. v. Caldwell*, 21 Wall. 269; 3 Sutherland on Damages [1882 Ed.] pp. 296, 297.

*John Doniphan*, for respondent.

Plaintiff proved this claim was not presented for four or five months, and fails to show it was the fault of defendant or that it was unavoidable; the only excuse is its laches in not attending to its business. Nothing but gross negligence of the agents of plaintiff could have overlooked it so long, and defendant should not suffer for that. The contract limiting the claim to sixty days is binding. *Tel. Co. v. Dougherty*, 11 Ark. 102; 15 S. W. Rep. 468; *Hill v. Tel. Co.*, 85 Ga. 30; Am. & Eng. Cor. Cases, 590; *Tel. Co. v. Culbertson*, 79 Tex. 65; S. W. Rep. 219; 5 Am. Cases, 426; 33 Minn. 229;

The Smith-Frazier Boot & Shoe Co. v. The W. U. Tel. Co.

*Wolf v. Tel. Co.*, 62 Pa. 83; 45 Barb. 274; *Heinman v. Tel. Co.*, 57 Wis. 562; *Ellis v. Tel. Co.*, 13 Allen, 226; *Wann v. Tel. Co.*, 37 Mo. 472; 12 Mass. 71; *Massengale v. Tel. Co.*, 17 Mo. App. 259; *Express Co. v. Caldwell*, 21 Wall. 269; *Young v. Tel. Co.*, 69 N. Y. 165; *Tel. Co. v. Damfield*, 18 Pac. Rep. 34; *Tel. Co. v. Gantt*, 20 N. E. Rep. 222.

GILL, J.—In October, 1887, plaintiff was engaged in the wholesale boot and shoe business at St. Joseph, Missouri, and as such had a claim against one C. K. Brown, a retail dealer at the town of Ellis, in Ellis county, Kansas. On the thirty-first day of said October, the plaintiff, being informed that Brown had absconded, deposited a telegram with defendant at its office in St. Joseph, directed to Fuller, the plaintiff's attorney at Ellis, wherein he, Fuller, was instructed to attach the goods of said Brown. By other telegrams, too, plaintiff arranged for security on the attachment bond. The telegram to Fuller was transmitted to Ellis, but as to whether or not it was delivered to Fuller is a matter of dispute under the evidence. The ground of plaintiff's suit is that its telegram to Fuller was so delayed that other attaching creditors of Brown came in and secured all the assets, by reason whereof plaintiff lost its claim. Hence this action for damages. At the close of the evidence the trial judge instructed the jury that under the law and the evidence the plaintiff could not recover. Thereupon plaintiff took a nonsuit with leave, and, upon the motion to set aside the same being overruled, the plaintiff has appealed to this court.

The principal matter of contention in this case grows out of the facts as applied to the following stipulation appearing on the face of the message blank, whereon plaintiff wrote the Fuller telegram. It reads: "The company will not be liable for damages

in any case where the claim is not presented in writing within sixty days after sending the message." Now plaintiff's telegraphic message was sent October 31, 1887, and no claim in writing was made until the filing of the petition in this cause, which was on the eighteenth day of August, 1888, nine months and eighteen days "after sending the message." In addition to other matters going to the merits, the defendant relies on this failure of the plaintiff to present its claim, within the sixty days, as a bar to the action.

Agreements limiting the time for presenting claims for damages in such cases as this are so universally upheld that discussion is no longer necessary. The same rule applies, and with equally as much reason, as in cases of common carriers or insurance companies. Principal of these reasons is, that before the matter shall have been forgotten, the facts and circumstances may be looked up and it can determine therefrom who was at fault. The courts will recognize and enforce such agreements prescribing the time in which claims for damages shall be made, provided only that such time is reasonable. In a late work on this subject it is stated as a general principle "that a stipulation in a telegraph message blank that the company will not be liable for damages unless the claim therefor is presented within a certain time after the delivery of the message to the company for transmission, is reasonable, provided the time limited is not too short to enable the sender, in the exercise of ordinary diligence, to ascertain the fact of the mistake, delay, non-delivery or other default, and the amount of damages thereby occasioned, and to present his claim therefor." Thompson on Law of Electricity, sec. 245. Without qualifying circumstances it cannot be denied that in cases such as this sixty days is ample time within which to present any claim against the company. In

cases of like kind, thirty and even twenty days was held sufficient. See numerous cases cited in defendant's brief. It has been held, too, that even though all but a few days of the time limited may have passed before the plaintiff discovered the non-delivery of the message and consequent loss, yet if time sufficient remained in which to present the claim (so as to be within the designated period) the plaintiff would not be absolved from the duty to present his claim within such time. *Massengale v. Tel. Co.*, 17 Mo. App. 257; *Thompson v. Railroad*, 22 Mo. App. 327.

But plaintiff claims that it must be relieved of this agreement to present its claim within sixty days after sending the message, as it did not discover the defendant's failure to deliver the telegram to its agent and attorney until the said sixty days had expired. In answer to this it is proper to say that plaintiff has failed to show that the sixty days had expired when it became aware of the delay in delivering the telegram to Fuller. The evidence on this feature is very meager and unsatisfactory. The most that can be said of such testimony is that Frazier (denominated treasurer and credit man of the plaintiff) did not learn the dispatch was delayed until several months had expired. There is on the other hand evidence tending to prove that the plaintiff had notice of defendant's alleged delinquency a very short time after the message was sent—perhaps, less than the sixty days. On the face of the message contract, the limitation of sixty days had barred plaintiff's claim, since the undisputed facts show that the notice of claim was first served more than nine months after sending the message. If, then, there were circumstances which saved the plaintiff's claim from the operation of the limitation agreed on it was incumbent on the plaintiff to prove it. In this there was failure.

Richmond v. The Quincy, O. & K. C. Ry. Co. ·

But even more than this it is beyond question that quite six months before plaintiff gave defendant the first notice of his claim it was informed of defendant's alleged failure to deliver the telegram, and yet permitted the time to run without mention to defendant. If, then, the limitation began to run only from the discovery of the company's delinquency, not only sixty days, but six months had expired.

By the exercise, too, of the least diligence plaintiff would have been well informed as to the extent of his damages, even before the expiration of the sixty days following the transmission of the Fuller message. It had an attorney at Ellis, who had, or might have had, by the use of ordinary care, full knowledge of the amount of prior attachments levied on Brown's property. He saw, or could have seen, the extent of Brown's assets. He was informed by the report of the receiver in charge of the estate, as to the money realized, etc. All, too, more than four months before a written claim was served on defendant. So then viewed from whatever standpoint plaintiff, by its own *laches*, has lost any recourse it ever had, if any, against the defendant, and the circuit court properly directed a verdict for the defendant.

Judgment affirmed.    All concur.