W. E. KENDALL, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, January 29, 1894.

1. **Telegraphs:** PRESUMPTION OF NEGLIGENCE. Where the usual time for the transmittal and delivery of messages between two points is fifteen to forty-five minutes, a delay of twelve hours between the reception and delivery of a dispatch raises the presumption of negligence.

2. ———: LIMITING LIABILITY: REASONABLE LIMIT. A condition inserted in a contract for the transmission of a telegraphic dispatch providing the company will not be liable for damages or penalties unless the claim is presented within sixty days is valid, as the time is not unreasonably short.

3. ———: AFFIRMATIVE DEFENSE. The fact that the plaintiff in an action to recover the penalty for delay in delivering a telegraphic message did not prevent his claim for damages in sixty days, is an affirmative defense, and requires proof which should be furnished by the defendant.

4. ———: JUDGMENT FOR THE PENALTY. The judgment for the penalty under section 2725, Revised Statutes, 1889, should provide that one-half of the penalty should be retained by the plaintiff and the other half should be paid to the county school fund.

*Appeal from the Camden Circuit Court.*—Hon. ARGUS Cox, Judge.

REVERSED AND PROPER JUDGMENT ENTERED.

*John O'Day, J. W. Farris* and *O. H. Travers* for appellant.

(1) The evidence is without contradiction that the message was promptly transmitted from Salem. The law presumes that it reached Lebanon promptly. The burden of proof is on plaintiff to show delay in transmission. The evidence is wanting in any affirmative proof that there was any delay in transmission. If there was delay at all, it was in the delivery and not in the transmission of the message. And for delay in delivery, the statute imposes no penalty. 2 Revised Statutes, p. 694, sec. 2725; *Connell v. Tel. Co.*, 18 S. W. Rep. 883; *Dudley v. Tel. Co.*, 45 Mo. App. 391. (2) It is not pretended that any claim in writing was presented to the defendant company within sixty days after filing the message. The evidence shows no such presentation was made. *Tel. Co. v. Yopst*, 118 Ind. 248; *Tel. Co. v. Dougherty*, 11 L. R. A. 102; *Tel. Co. v. Jones*, 95 Ind. 228; *Massingale v. Tel. Co.*, 17 Mo. App. 257; *Boot and Shoe Co. v. Tel. Co.*, 49 Mo. App. 99; Thompson on Electricity, secs. 245, 247; *Montgomery v. Tel. Co.*, 50 Mo. App. 591; Thompson on

Electricity, sec. 51; *Tel. Co. v. Buchanan*, 35 Ind. 429; *Tel. Co. v. Taylor*, 84 Ga. 408; *Raynham v. Rounseville*, 9 Pick. 44; *Caswell v. Allen*, 10 Johns. 118. (3) The judgment should have been in favor of the plaintiff—under the finding of the court—for the uses expressed in the statute, and not in favor of the plaintiff alone. *Doss v. State*, 6 Texas, 433; *Bradley v. Baldwin*, 5 Conn. 288; *Werfel v. Commonwealth*, 5 Binn. (Pa.) 65.

*J. P. Nixon* for respondent.

(1) The evidence in the record establishes affirmatively and conclusively the most gross and culpable disregard of duty by the defendant in the transmission of the message. (2) The affirmative defense set up in this case wholly failed for want of any sufficient proof. The burden of proof was on the defendant to make good its affirmative defense in its entirety. *Ritter v. Ins. Co.*, 49 Mo 40; *Church v. Fagan*, 43 Mo. 123; *Murphy v. Murphy*, 15 Mo. App. 600; *Stipp v. Railroad*, 85 Mo. 229; *Simartin v. Wirter*, U. S. 5 Pet. 141; *Roach v. Summers*, U. S. 20 Wall. 165; *Ross v. Duval*, 13 Pet. 46; 1 Greenleaf on Evidence, sec. 78; *Lane v. Crombie*, 12 Pick. (Mass.), 177; *Nash v. Hall*, 4 Ind. 444; *Daugherty v. Deardorf*, 107 Ind. 527; *Vigus v. O'Brannon*, 8 N. E. Rep. 778; *Carter v. Goff*, 5 N. E. Rep. 471. (3) The judgment was rightly in name of plaintiff Kendall. The sender of the message is to recover the penalty, and he is to be "plaintiff in the suit." In any event, being "expressly authorized by statute to sue in his own name," the pleadings are properly in his name and the judgment should follow the pleadings. Revised Statutes, section 1991. The error, if any, is purely formal, and would not warrant a reversal, but the appellate court should enter the

proper judgment. *Page v. Arnold*, 51 Mo. 158; *Sweet v. Maupin*, 65 Mo. 65; *Lewis v. Schwartz*, 6 Mo. App. 413. The statute would seem to settle this matter in very explicit terms. Section 2725.

SMITH, P. J.—The plaintiff brought this suit before a justice of the peace to recover of defendant telegraph company the statutory penalty of $200 for the neglect on the part of defendant to transmit a certain dispatch promptly and with impartiality and good faith. Revised Statutes, section 2725.

At a trial of the cause in the circuit court where the plaintiff had judgment, and from which this appeal is prosecuted, it appeared from the evidence that at 7:45 A. M. of June 15, 1892, the plaintiff delivered a day dispatch to the defendant's operator at Salem, in Dent county, for transmission to W. E. Kendall at Lebanon, Laclede county, the two points being distant one hundred and forty miles. The dispatch could only be sent by way of Cuba where it was necessary to resend the same to the terminal point. It was received at Lebanon at 5:20 P. M. of the day of its delivery.

These facts established for plaintiff a *prima facie* right of recovery. It was shown that the usual time required to transmit a dispatch from Salem to Lebanon was from fifteen to forty-five minutes. The length of time intervening between the delivery of the dispatch and its receipt was such as to raise a presumption of negligence. In such case the burden was upon the defendant to show, which it did not, that its wire was engaged as the reason for the delay in transmitting the dispatch. Section 2725, *supra*. No excuse of any kind was shown for the delay.

The defendant requested the court, sitting as a jury, to declare the law of the case to be that the plaintiff was not entitled to recover, unless it appeared

from the evidence that plaintiff had made a written demand on defendant within sixty days of the filing of the dispatch for transmission.

It is true that by the terms of the contract entered into between the plaintiff and defendant printed on the dispatch sent by plaintiff it was provided that the company would not be liable for damages or statutory penalties in any case unless the claim therefor was presented in writing within sixty days after the filing of the dispatch with it for transmission. A condition of this kind inserted in a contract for the transmission of a dispatch, though a limitation upon the liability of the company, will be upheld where the time fixed in which the sender's claim is to be presented is not unreasonably short. The period provided in the condition of the contract in question we think was not unreasonable. *Smith-Frazier B. & S. Co. v. Tel. Co.*, 49 Mo. App. 99.

But the difficulty lying in the defendant's way is, that while its defense was an affirmative one there was no evidence adduced tending to show that the plaintiff did not comply with the requirement of the stipulation. If the defendant intended to rely on the defense of this contractual limitation it should have offered some evidence to sustain the same. We cannot presume that the plaintiff did not present his claim within the time required by the contract. Plaintiff was not obliged to prove this in order to make out his case. If it was a fact that the plaintiff had omitted to present his claim within the agreed period of time, this was a fact which would bar his recovery and the burden of showing it logically devolved upon the defendant. It follows that the circuit court did not err in rejecting the defendant's theory of the case. The finding was for the right party.

But the judgment is erroneous in that it does not

follow the requirement of the statute. Section 2725, which provides in a case of this kind that one-half of the amount recovered shall be retained by the plaintiff and one-half shall be paid to the county public school fund of the county in which the suit was instituted.

The judgment of the circuit court will, therefore, be reversed and a judgment entered here in conformity to the requirements of the statute just referred to.

The cost of the appeal must be adjudged against the plaintiff. All concur.