JAMES NEET, Respondent, v. WESTERN UNION TEL. CO., Appellant.

Kansas City Court of Appeals, May 19, 1913.

1. TELEGRAPH AND TELEPHONES: Failure to Deliver Telegram: Penalty. Where it is not shown that the sender of a telegram knew the sendee lived out of the free delivery limits of the receiving office, it is the duty of the telegraph company to notify the sender of that fact and give him an opportunity to pay the increased charges required before the company can rely on such fact to excuse the failure to deliver. This is especially true where the sendee lives but a short distance beyond the free limits and the company has been theretofore delivering telegrams in the sendee's vicinity, beyond the free limits, without charge.

2. ———: ———: ———: Question for Jury. If plaintiff's case rests upon the credibility of parol testimony, it is error for the court to direct a verdict for plaintiff and thereby tell the jury they must believe plaintiff's witnesses. But where the plaintiff's testimony makes a prima facie case and this is corroborated by the telegram written by defendant by the oral admission made during the trial, and by the nature of the defense which impliedly admits the facts but raises a defense which, under the conceded facts, becomes merely a question of law, it is proper for the court to direct a verdict for plaintiff when the law question has been decided adversely to defendant.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*Fred S. Hudson* for appellant.

(1) Plaintiff brings his suit under Sec. 3330, R. S. 1909, which is a penalty statute and must receive strict construction and apply only to such cases as fall strictly within its provisions. It devolves on plaintiff to bring himself fully within the provisions of the statute before he can recover. Eddington v. Telegraph Co., 115 Mo. App. 93; Grant v. Telegraph Co., 154 Mo. App. 279; Rixke v. Telegraph Co., 96 Mo. App. 406; Bradshaw v. Telegraph Co., 150 Mo. App. 711; Woods v. Telegraph Co., 59 Mo. App. 236. (2) Defendant is entitled to reasonable rules and regulations in conducting its business and the rule of free delivery limit of one-half mile at a town the size and the office doing the business at Gifford is a reasonable regulation. Hence, defendant was under no obligations to deliver beyond free delivery limits unless charges for delivering beyond the free delivery limits were provided for by plaintiff. Western Union v. Henderson, 89 Ala. 510; Cross, Adm., v. Telegraph Co., 74 S. W. 1100. (3) Because defendant may have delivered messages beyond the free delivery lim-

it on a few occasions for accommodation to two or three different parties does not establish custom, or show an abandonment of its rules. Western Union v. McConnico, 66 S. W. 593; Western Union v. White, 149 S. W. 790. (4) Defendant was under no obligation to deliver beyond the free delivery limits until after a guarantee of charges. Plaintiff in this case knew addressee lived beyond the free delivery limits when this message was filed for transmission. Hence under that state of facts, plaintiff cannot recover. Western Union v. Matthews, 55 S. W. 427; McCoud v. Western Union, 88 S. W. 225; Swearengin v. Western Union, 67 S. W. 767; Western Union v. Harvey, 74 Pac. 250.; Western Union v. Ayers, 93 S. W. 199. (5) No matter whether sender reads the conditions on the back of the message, they form a part of the contract. Primrose v. Telegraph Co., 154 U. S. 1; Beasly v. Western Union, 39 Fed. 181. (6) The court committed error in giving the peremptory instruction to find for plaintiff. The case should have been submitted to the jury. Link v. Jackson, 158 Mo. App. 91; Dalton v. Poplar Bluff, 173 Mo. 47; Vincent v. Means, 184 Mo. 341; Milliken v. Commission Co., 202 Mo. 655; Dawson v. Wombles, 111 Mo. App. 540; Wolff v. Campbell, 110 Mo. 114; Ford v. Dyer, 148 Mo. 528; DeGraw v. Prior, 53 Mo. 313; Gregory v. Chambers, 78 Mo. 294.

*E. B. Fields* for respondent.

(1) It was the duty of appellant to transmit and deliver the telegram to "designated address and use due diligence to place said dispatch in the hands of the addressee, by the most direct means available, without material alterations, promptly, and with impartiality and in good faith." Sec. 3330, R. S. 1899. And delay makes a prima facie case of negligence

against the company. Smith v. Telegraph Co., 57 Mo.
App. 259; Kendall v. Telegraph Co., 56 Mo. App. 192.
And company is liable under this section if delay is
caused by negligence and bad faith.   Parker v. Tele-
graph Co., 87 Mo. App. 553.   (2)   The court did not
commit error in directing a verdict for plaintiff.   May
v. Crawford, 150 Mo. 504; Wolff v. Campbell, 110 Mo.
114; Bank v. Hainline, 67 Mo. App. 483; Howard v.
Hurst, 156 Mo. App. 205; Reeves v. Letts, 143 Mo.
App. 196; Crawford v. Stayton, 131 Mo. App. 263;
Powell v. Price, 111 Mo. App. 320; Mosby v. Com-
mission Co., 91 Mo. App. 500; Hoster v. Lange, 80 Mo.
App. 234; Muth v. Trust Co., 77 Mo. App. 499.   When
a peremptory instruction is given and the judgment
is manifestly for the right party it ought not to be
reversed.

TRIMBLE, J.—Suit to recover the penalty pro-
vided in section 3330, Revised Statutes of Missouri,
1909, for failure to promptly deliver a telegram.

Plaintiff resided in Browning, Missouri.    His
mother-in-law was living in his home.    About three
o'clock p. m., February 4, 1911, she died, and a half
hour later plaintiff sent a telegram over defendant's
line to deceased's son, T. J. McClanahan, addressed to
him at Gifford, Missouri, reading as follows: "Grand-
ma died at three p. m."   The charges for the message
were duly paid and the message promptly sent out from
the dispatching office but was not delivered.   McClan-
ahan did not learn of his mother's death until some
days later, when upon going to Browning to visit her,
he learned that she was buried and that a telegram
announcing her death had been sent to him.

Gifford had a population of less than 5000, and
defendant had a stipulation printed on the back of the
message blank used, stating that in towns of less than
5000 messages would be delivered free within one-half
mile of the company's office, but beyond that limit the

company did not undertake to make delivery, but would, without liability, at the sender's request, and at his expense, endeavor to contract for him for such delivery at a reasonable price. McClanahan lived a little over a half mile from the telegraph office in Gifford.

The defense was based solely on the ground that the addressee of the telegram lived outside the half mile limit of free delivery and therefore defendant was under no obligation to deliver beyond free delivery limits unless charges for delivering beyond those limits were paid by plaintiff, which was not done in this case.

Under section 3330 it was the duty of appellant to transmit and deliver the message to designated address and to use due diligence to place said dispatch in the hands of the addressee by the most direct means available, without material alterations, promptly and with impartiality and in good faith. The fact that the addressee lived just outside the half mile limit in reality had nothing to do with the failure to deliver the telegram. Or, to state it a little differently and somewhat more accurately, there was a delay of nine days after the receiving agent had an opportunity to hand the telegram to the addressee in person in the receiving office at Gifford. It is an undisputed fact that three days after the sending of the telegram McClanahan, the addressee, was in the telegraph office of the defendant at Gifford and talked face to face with the receiving agent who knew him and could have given him the telegram had he thought of doing so. But this was not done; and it was not delivered until twelve days after the telegram had been sent, and after McClanahan had learned of his mother's death, and of the telegram having been sent, and had closely questioned the agent, who at first denied receiving it, then declared he had mailed it to McClanahan, and finally, when confronted with the statement of the

postmaster that none had been mailed, admitted it had not been mailed; and thereupon handed it to McClanahan saying the reason he did not deliver it when received was because it was so cold he hated to get out for that purpose and laid it aside intending to do so and forgot all about it.

But aside from all this, it was held in Western Union Telegraph Co. v. Vance, 151 S. W. 904, 1. c. 908, that where it is not shown that the fact of the residence of the addressee beyond the free delivery limits is known to the sender, it would be the duty of the agent at the receiving office to notify the sender of that fact in order that he might have opportunity to pay the increased charge; and the fact that the sender of a telegram did not advise the company that the sendee lived beyond the free delivery limits, nor offer to pay the extra charges for service, was no defense to an action for negligent delay. It is claimed that plaintiff in this case knew that McClanahan lived beyond the free delivery limits, but the record does not bear this out. The nearest it comes to doing so, is where plaintiff says McClanahan lived "about half a mile" from the telegraph office. The record shows that he was acquainted with the town of Gifford but not that he knew McClanahan lived outside the free delivery limits. On the contrary, it rather shows that plaintiff thought he lived inside the limits since defendant's custom had been to deliver telegrams in that vicinity and further without extra charge. It was also held in Western Union v. Wilson, 152 S. W. 1169, 1. c. 1172, that the fact that the addressee lived beyond the free delivery limits did not relieve the telegraph company of its duty to deliver the telegram with due diligence where no demand was made of either the sender or the addressee for the additional charge required. The defense interposed is, therefore, insufficient.

At the close of plaintiff's testimony, defendant offered a demurrer to the evidence which was over-

ruled. Thereupon no further evidence was presented and the cause was submitted. The court directed a verdict for $300, the full amount of the penalty imposed by the statute. The most serious objection raised is to the court's action in this regard. If the plaintiff's case rested on the credibility of parole evidence this action on the part of the court would ordinarily be erroneous. But in this case there are several things to take the case out of the operation of this rule. In the first place, the telegram itself is a written admission that it was presented for transmission and sent, to the person, at the place, and at the time alleged. In the next place, the defense raised impliedly admits the proper presentation, receipt, transmission and delay in delivery of the telegram, and raises a defense which is nothing more than a question of law. In the third place, during the trial when formal proof was being offered to show the sending of the telegram, counsel for defendant announced that such was immaterial as there was no controversy over the sending of the message. The delay or failure to deliver a message made a prima facie case. [Smith v. Telegraph Co., 57 Mo. App. 259; Kendall v. Telegraph Co., 56 Mo. App. 192.] The defense raised was a question of law which could not be relevant unless the facts necessary to establish a prima facie case were conceded. This much being conceded and there being *no* evidence to show anything to the contrary, there was no issue to submit to the jury as the only issue involved was an issue of law. Wherever on the undisputed facts either party should or should not recover, the court may so declare. [Morgan v. Durfee, 69 Mo. 476; Hendrick v. Lindsay, 93 U. S. 143; Adams County Bank v. Hainline, 67 Mo. App. 483, l. c. 488.] If the direction to return a verdict was in effect a direction to the jury that they must believe plaintiff's witnesses, such would be error. But when the testi-

mony is uncontradicted, unimpeached, and is corroborated by written evidence of defendant in the case and by pleadings and admissions in the case, the submission of the case to the jury is unnecessary. [Wolf v. Campbell, 110 Mo. 114.] The judgment is affirmed. All concur.