# Conrad, Appellant, *v.* Western Union Telegraph Co.

*Telegraph Co.—Liability—Affidavit of defence—Averment of contract.*

Where a telegraph company, when sued for damages for failure to send a message, relies upon the contract on the telegraph blank limiting its responsibility to its own lines, its affidavit of defence must give the facts as to its own handling of the message, the time at which and place to which it was sent, etc.; an affidavit that it transmitted the message promptly and correctly over its own lines to the terminus thereof, and delivered it for transmission to another company, naming but not further describing this company, and that the error, if any, occurred beyond its own lines, is insufficient.

*Stipulation as to time when claim for damages must be presented—Exception by reason of distance.*

The stipulation in the contract of a telegraph company contained on its blanks, that claims for damages must be presented in writing within sixty days, is ordinarily reasonable. But in exceptional cases, as that of a message to be transmitted 15,000 miles and to which no telegraphic reply would naturally be sent, the limitation is unreasonable and will not be enforced. Wolf v. W. U. Tel. Co., 62 Pa. 83, explained.

Argued Jan. 12, 1894. Appeal, No. 74, Jan. T, 1894, by plaintiff, Walter H. Conrad, trading as A. Conrad's Son, from order of C. P. No. 3, Phila. Co., March T., 1893, No. 184, discharging rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for breach of contract to send telegram.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was discharge of rule.

*Alex. P. Colesberry, Frank R. Shattuck* with him, for appellant. —The affidavit of defence is general and evasive: Erie City v.

Butler, 120 Pa. 374; Bk. v. Stadelman, 153 Pa. 634; Pennock
v. Kennedy, 153 Pa. 579; Solly v. Moore, 1 Dist. R. 688;
Endlich on Aff. of Def. § 389; Hiestand v. Williamson, 128
Pa. 122; McCracken v. Congregation, 111 Pa. 106; Kaufman
v. Iron Co., 105 Pa. 537; Gould v. Gage, 118 Pa. 559; Lord
v. Bank, 20 Pa. 384.

Defendant was guilty of gross negligence: Tel. Co. v. Wen-
ger, 55 Pa. 263; Passmore v. Tel. Co., 78 Pa. 238.

*H. B. Gill, John R. Read* and *Silas W. Pettit* with him, for
appellee.—The limitation of defendant's liability was valid:
Mulligan v. Ry., 36 Iowa, 181; Cream City R. R. v. Chi. etc. Ry.,
63 Wis. 93; Taylor v. Ry., 32 Ark. 393; Ry. v. Frankenberg,
54 Ill. 88; Berg v. Ry., 30 Kan. 561; Hadd v. Exp. Co., 52 Vt.
335; Phifer v. R. R., 89 Ch. C. 311; Borroughs v. R. R., 100
Mass. 26; R. R. v. Pontius, 19 Ohio St. 221; Clyde v. Hubbard,
88 Pa. 358; R. R. v. Berry, 68 Pa. 272; Mullarkey v. R. R.,
9 Phila. 114; Exp. Co. v. Bk., 69 Pa. 394; Tel. Co. v. Carew,
15 Mich. 525.

Plaintiff is barred by his failure to present his claim within
the sixty days: Wolf v. Tel. Co., 62 Pa. 83.

OPINION BY Mr. JUSTICE DEAN, July 11, 1894:

This is an appeal by plaintiff from decree of court below,
discharging a rule to show cause why judgment should not be
entered against defendant in default of a sufficient affidavit of
defence.

The plaintiff in his statement averred: (1) That on June 27,
1892, he had delivered to defendant at its office in Philadelphia,
to be transmitted to his correspondents, Wisner & Co., at Shang-
hai, China, a business message, which translated reads thus:
"Referring to your telegram of date, we do not understand
the whole of it. We now give you the following order for
goatskins similar to 44 bales goatskins by S. S. Strathleven.
Buy for early delivery 250 piculs at 21 taels White Shánsi.
Buy as opportunity offers desirable parcels on favorable terms
200 bales no price named." (2) That the message was duly
accepted for transmission, and a charge therefor of $15.92
made, which was paid by plaintiff. (3) That said message was
in answer to this one received from Wisner & Co. the same day:

" We have bought Malinpoo Braid 60 bales at 53 taels. Shall we buy further quantity of 50 bales at 53 1–2 taels? 44 bales goatskins per S. S. Strathleven. Untanned goatskins, average weight 2 pounds. We offer you a further quantity of 250 piculs at 21 taels. No further supplies are expected." (4) That plaintiff's message in reply was never sent by defendant to Wisner & Co. (5) That in consequence of defendant's failure to comply with its contract to transmit the message, plaintiff has sustained damage in the sum of $2,682.57. Then follow specifications in detail of the items of damage going to make up this amount. (6) That it was not until the following November he discovered his message had not been transmitted to Wisner & Co.

This is a full and at the same time a concise statement of plaintiff's demand, as provided by the act of 1887. Every material averment which it was important to defendant to deny in a " sufficient affidavit of defence " was distinctly set out.

To this statement of plaintiff's demand, defendant filed an affidavit of defence, admitting the message was delivered by plaintiff and accepted by defendant, but averring that its transmission was undertaken on these written terms and conditions, which were on the blank containing the message :

" To guard against mistakes on the lines of this company, the sender of every message should order it repeated ; that is, telegraphed back from the terminus of said lines to the originating office. For such repeating, the sender will be charged in addition one half the usual tolls of this company on that portion of its lines over which such message passes.

" This company will not assume any responsibility in respect to any message beyond the terminus of its own lines ; and it is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in transmission or delivery or for nondelivery to the next connecting telegraph company, of any unrepeated message, beyond the amount of that portion of the charge which may or shall accrue to this company out of the amount received from the sender for this and the other companies by whose lines such message may pass to reach its destination, and that this company shall not be liable for mistakes in the transmission or delivery or for non-delivery to the next connecting telegraph

company of any repeated message, beyond fifty times the extra sum received by this company from the sender for repeating such message over its own lines; and that this company shall not be liable in any case for delays arising from interruption in the working of its lines, nor for errors in cipher or obscure messages. And this company is hereby made the agent of the sender, without liability, to forward any message over the lines of any other company necessary to reach its destination.

" This company is not to be liable for damages in any case where the claim is not presented, in writing, within sixty days after the sending of the message."

That the said message set forth in the plaintiff's statement was transmitted by the defendant company promptly and correctly over its lines to the terminus thereof, and by said company delivered for transmission to the Anglo-American Cable Company, and that the error, if any, which occurred in the transmission of said message occurred beyond the terminus of the lines of the defendant company, and did not in any wise occur upon its own lines.

It will be noticed, on scrutinizing the statement and affidavit, that the only contention is a single one of fact. The plaintiff avers the message was " never sent," the defendant avers that it was transmitted promptly over their lines to the terminus thereof, and delivered to the Anglo-American Cable Company, and that the error, if any, in the transmission, was beyond the terminus of its lines.

A common carrier may limit its liability on its contract to its own lines. Clyde v. Hubbard, 88 Pa. 358; Pa. R. R. Co. v. Berry, 68 Pa. 272; Express Co. v. Bank, 69 Pa. 394; W. U. T. Co. v. Carew, 15 Mich. 525. The plaintiff does not question that this is the settled law, nor does he deny that the contract in this case so restricted defendant's liability. But it is argued that the affidavit of defendant does not sufficiently aver a performance of its contract on its own lines.

Clearly it is answerable for the transmission of the message to the terminus of its own lines; where was this? The terminus of its lines on the telegraph route to China is a place or locality; the word " terminus," in its contract, only defines its legal obligation; when a breach of the contract is averred, that is, that the message never was sent at all, it

is not met by the general averment that it has discharged its contract obligation ; it must aver a fact, and that fact the place to which it was transmitted. What defendant deems the terminus may or may not be what the law would hold the terminus of its line to be, on the route to the destination of the message. The averment that the message was delivered to the Anglo-American Cable Company does not fix the terminus any more definitely than if that averment were left out. Where are the lines of the Anglo-American Company ? Nothing but the name indicates its location ; it may connect England and America in fact, and may only connect them in name. Is it another company independent of defendant company, or only another designation of part of defendant's lines ? Defendant must have known to what office at what place this message was delivered, if delivered, and ought to have so stated.

Again, the affidavit does not state when it was transmitted ; it does say it was transmitted promptly, but promptness is an inference from facts ; whether warranted, depends on circumstances, and on the habits, personal and mental, of him who looks upon them. If this message was sent, it is not improbable that its cost and destination indicated it was of sufficient importance to prompt a record of the day and hour it left the receiving office of defendant ; if this had been stated, the court could have drawn an inference as to whether it was promptly transmitted. The affiant's inference may be correct, but the court cannot tell unless it has the facts on which it was based. As the date defendant received the message is distinctly averred, it was incumbent on defendant to aver when it was transmitted as a fact.

While defendant, by its contract, restricted its liability to its own lines, it did not thereby limit its legal duty, when sued, to a vague and inexplicit answer to the complaint. It accepted this message for transmission to China ; took plaintiff's money for the service and still retains it ; the contract was made by it, and with it alone did plaintiff have any dealings. The place where its lines terminate and those of the connecting lines begin on the route, is known to it. The plaintiff had a right to expect a statement of the material facts, if it performed its contract ; instead of this, he is met by an affidavit which is but little more than a repetition of the general words

of the contract. Inferentially, the affidavit replies to plaintiff's positive, distinct averment of a breach of contract, in the language of the printed argument of defendant's paper-book, " Let plaintiff inquire of the Anglo-American Cable Company, and learn from it, if he desires to know what became of the message, instead of attempting by technical arguments to hold this company liable." The plaintiff has a right, when he desires to know what became of his message, to inquire of defendant, and it is its duty to give him a full and explicit answer as to all material facts within its knowledge.

From the very nature of the service to be performed under the contract, the defendant has specific knowledge, or ought to have, of all the facts which tend to relieve it from liability, yet it has failed to state the place where it delivered the message, and the time when it was sent. This is not a sufficient affidavit.

The defendant makes the further point that the claim was not presented within the time fixed by the contract. It is stipulated that: " This company is not to be liable for damages in any case where the claim is not presented in writing within sixty days after the sending of the message." Such provisions are, as a general rule, held to be reasonable, and the corporation doing business with the public is entitled to protection under them. But there are exceptional cases, such as the one before us, where the enforcement of the limitation is not reasonable. The message here by plaintiff to his correspondents in China was not the opening of communication, and an order for shipment to which a reply by wire was naturally to be expected. The message sent to the correspondents was in response to an inquiry from them the same day ; they said to plaintiff, they had bought certain goods to be shipped by the S. S. Strathleven; the reply was an increase of the order, with directions for immediate shipment. In the ordinary course of business, the reply to this would be the receipt of letter with bill of lading by mail. The plaintiff had a right to presume his message had been sent, and to expect his instruction to be carried out within a reasonable time by his correspondents, and that, in a reasonable time, a letter of advice and shipment of goods from a point 15,000 miles distant would reach him. After the lapse of this reasonable time, he discovered his message had not been

sent, but then the sixty day contract limit had expired, and he immediately made his claim.   The sixty days provision, in view of these circumstances, was not reasonable, and the plaintiff is not barred of his action because of it.   To hold that he should have discovered defendant's negligence sooner, is to hold that he should have assumed defendant would be guilty of gross negligence, and therefore should have inquired of his correspondents by wire whether his message had been sent to them.

The case relied on by appellee's counsel, Wolf v. Western Union Telegraph Co., 62 Pa. 83, is not in conflict with this ruling.   There the message was delivered to the company at Lancaster to be transmitted to Buffalo, New York.   It got no farther than Philadelphia.   No claim was made within sixty days.   The provision was held not unreasonable, but Justice AGNEW, in delivering the opinion, uses this language : "It is urged, the employer might not discover the failure to send his message forward within this time.   How far this fact would displace the condition, it is not proper now to say ; but the reason is inapplicable in this case, where from the nature of the message its failure must be known, and was known immediately to the employer."   It is clearly to be implied from this decision that cases would arise which would be exceptions to the reasonableness of the rule.   Here from the nature of the message, the distance between him who sent and those to whom it was sent, the neglect of defendant was not known and could not in the ordinary course of business have been known, until after the expiration of the sixty days.

The decree of the court below discharging the rule is reversed, and the rule for judgment for want of a sufficient affidavit of defence is made absolute, unless other legal or equitable cause be shown to the court why such judgment should not be entered.   The costs of this appeal to be paid by appellee.