# Wolf *et al.* *versus* The Western Union Telegraph Company.

1. One of the conditions of a telegraph company, printed in their blank form, was that they would not be liable for damages if the claim was not presented in sixty days from sending the message. *Held,* that the condition was binding on one sending a message on the printed form.

2. The condition was in very small type, but the heading directing to it was in conspicuous type. *Held,* that it was not obscure and deceptive.

[Wolf *v.* Western Union Telegraph Co.]

3. The employer must make claim according to the condition before he can maintain an action.

4. Carriers may limit their responsibility by express contract, when it does not cover their own negligence.

May 7th 1869.   Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.   READ, J., absent.

Error to the Court of Common Pleas of *Lancaster county :* No. 65, to May Term 1869.

This was an action of assumpsit, brought December 13th 1866, by D. K. Wolf and D. Oberholtzer, trading as D. K. Wolf & Co., against The Western Union Telegraph Company.   The cause of action was, failing to transmit a telegraphic despatch to Buffalo, containing an order by the plaintiffs for flour, by reason of which the plaintiffs had to pay an increased price to which flour subsequently advanced.   The plaintiffs claimed to recover the difference between the price at the time of the order and that which they had to pay.

The despatch was as on the opposite page.)

The admitted facts were that on the date of the message it was delivered at the office of the company by the plaintiffs, the fees paid, and the despatch sent forthwith to Philadelphia on its way to Buffalo.   The plaintiffs also gave evidence that the despatch had not been received by their correspondents, and that the plaintiffs had to give an increased price for the flour.   There was no evidence that the plaintiffs had presented a claim for damages within sixty days after sending the message.

Each party submitted a number of points to the court, the only one considered by the Supreme Court was the following, submitted by the defendants :

" The plaintiffs did not present their claim for damages in writing within sixty days after sending the message as provided in the contract, therefore they cannot recover, and the verdict of the jury must be for the defendant."

The court (Long, P. J.) answered this point as follows :—

" In the notice or condition annexed to the order for the issuing of the telegram, are attached certain conditions, upon which the company agrees to transmit the communication.   This condition or agreement was signed by the plaintiff in this case, when he left his order to be transmitted to Buffalo.   He having signed these conditions, it is therefore reasonable to presume, that he was aware of them, and although most of them are inapplicable to this case if the defendant was guilty of gross negligence, yet there is one to which we think he was bound—we allude to that branch of the terms, where the company declare they will not be liable for any damages, in any case, when the claim is not presented in writing within sixty days, after the sending of the message, and according to our views it was incumbent upon the plaintiff to show and

[Wolf *v.* Western Union Telegraph Co.].

# THE WESTERN UNION TELEGRAPH COMPANY.

## ALL MESSAGES TAKEN BY THIS COMPANY SUBJECT TO THE FOLLOWING TERMS:

To guard against mistakes, the sender of a message should order it REPEATED; that is, tele-graphed back to the originating office. For repeating, one-half the regular price is charged in addition. And it is agreed between the sender of the following message and this Company, that said Company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any UNREPEATED message beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery, or for non-delivery, of any REPEATED message beyond fifty times the sum received for sending the same, unless specially insured, nor in any case for delays arising from unavoidable interruptions in the working of their lines, or for errors in cipher or obscure messages. And this Company is hereby made the agents of the sender, with-out liability, to forward any message over the lines of any other Company when necessary to reach its destination.

Correctness in the transmission of messages to any point on the lines of this Company, can be insured by contract in writing, stating agreed amount of risk, and payment of premium thereon at the following rates, in addition to the usual charge for repeated messages, viz: one per cent. for any distance not exceeding 1,000 miles, and two per cent. for any greater distance. No employee of the Company is authorized to vary the foregoing.

The Company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message.

J. H. WADE, President.

O. H. PALMER, Secretary.

**Send the following Message--Subject to above terms which are agreed to.**

*Lancaster, Oct. 23rd, 1866.*

*To Messrs. J. B. Griffin & Co.,*

*Buffalo, N. York.*

*Will take fifteen hundred (1500.) at eleven forty ($11.40.)*

*Freight 90 cts.*

*D. K. Wolf & Co.*

*1.80 Pd.*

[Wolf *v.* Western Union Telegraph Co.]

prove that he had given such notice. Having failed to do so, he cannot recover, and your verdict should be for the defendant."

The verdict was for the defendant. The plaintiffs took a writ of error, and assigned the answer to this point for error.

*W. R. Wilson* (with whom was *A. M. Frantz*), for plaintiffs in error.—The defendants are liable whether treated as common carriers, bailees for hire or paid agents: Story on Bailments, § 489; Hays *v.* Kennedy, 5 Wright 378; Story on Agency, § 217; N. Jersey Railroad Co. *v.* Kennard, 9 Harris 203; Act of March 29th 1849, § 15, Pamph. L. 266, Purd. 959, pl. 1; N. York and Wash. Tel. Cos. *v.* Dryburg, 11 Casey 298; 2 Pars. on Cont. 173; Scott & Jarnagin on Telegraphs, §§ 242, 256; U. S. Tel. Co. *v.* Wenger, 5 P. F. Smith 262. The conditions limiting liability of the defendants are not binding: Birney *v.* N. York and Wash. Tel. Co., 18 Md. R. 341. The type stating the conditions were obscure: Verner *v.* Sweitzer, 8 Casey 208; Angell on Carriers, §§ 247, 257; Camden and Am. Railroad Co. *v.* Baldauf, 4 Harris 67; Angell on Carriers, §§ 247, 267, 268, 275; Atwood *v.* Reliance Trans. Co., 9 Watts 87; Scott & Jarnagin on Telegraphs, §§ 247, 248; Beckman *v.* Shouse, 5 Rawle 179; Clark *v.* Spence, 10 Watts 335. The company is liable for the negligence of their agents: N. J. Railroad *v.* Kennard, 9 Harris 203.

*D. G. Eshelman* (with whom was *D. W. Patterson*), for defendants in error.—The defendants could limit their liability: Farnham *v.* C. and A. Railroad, 5 P. F. Smith 53. The plaintiffs were bound by the conditions: Breese *v.* N. Y. and Wash. Tel. Co., 45 Barb. 274; Angell on Ins., §§ 225–228; Inland Ins. and Dep. Co. *v.* Stauffer, 9 Casey 397; Trask *v.* Ins. Co., 5 Id. 198; Lewis *v.* G. West. Railway, 5 Hurl. & N. 867; Beal *v.* South Devon Railway, Id. 883.

The opinion of the court was delivered, October 19th 1869, by
Agnew, J.—There seems to be but one question in this record. All the others were substantially ruled by the court below in favor of the plaintiffs. The court charged that, under the last clause of the printed terms, the telegraph company was not liable, on the ground that the plaintiffs had not presented their claim for damages in writing within sixty days after sending the message. The message was written and signed by D. K. Wolf & Co. upon a printed blank furnished by the telegraph company. The blank was headed in large letters—" The Western Union Telegraph Company—all messages taken by this company subject to the following terms." Then came the terms printed in small type. Next came the date, " Lancaster, October 23d 1866,"

and between it and the telegram were printed the words, "Send the following message subject to above terms which are agreed to." The message followed immediately, signed with the name of the plaintiffs' firm. This undoubtedly amounted to a written agreement by the plaintiffs to send their message according to the terms they thus subscribed. The question is, whether it is binding on them?

It is said in the agreement that the knowledge of the plaintiffs of the terms is a fact which the court should have submitted to the jury. But no such question was made in the trial. Both parties in their written points, which appear to cover the whole ground of the case, took the fact for granted, by praying for instructions upon the effect of the paper. The plaintiffs themselves asked for no instruction on the ground of ignorance of the terms. It cannot be fairly urged, therefore, that the court took the fact from the jury; while there was no evidence that the plaintiffs were illiterate, or were imposed upon, or of any fact evidencing ignorance of the terms. The paper itself is not deceptive, for though the terms are printed in small type, the attention of the customer is drawn directly to them by the heading, and by the line printed between the date and the message itself. It is not the case of a mere notice, or of a ticket with limitations in small type, or so arranged as not to arrest attention. We cannot hold, therefore, that the court erred in saying that the plaintiffs having signed the conditions, it is therefore reasonable to presume that they were aware of them.

The last condition is in these words: "The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message." This is the agreement of the plaintiffs, and is binding on them unless it is contrary to law, or is unreasonable and inconsistent with public policy. There is no statute infringed by it. It falls within none of the provisions of the Acts of 29th March 1849 and 14th April 1851: Brightly 959. It seems to be prohibited by no principle of the common law. Even common carriers, to whom the most stringent rules have been applied, may limit their liability by express contract, when it is not extended to cover their negligence of duty: Farnham v. Camden and Amboy Railroad Co., 5 P. F. Smith 53. But this condition has no relation to the duty of the Telegraph Company, its operation being confined to a duty to be performed by the employer before he can maintain his action for a neglect of the company's duty, to wit, to give notice of his claim within sixty days. Similar provisions in policies of insurance have been held to be good: Inland Ins. Co. v. Stauffer, 9 Casey 397; Trask v. Ins. Co., 5 Id. 198.

Not being contrary to law, the contract contained in the condition falls within the legal maxim, *conventio vincit legem*, unless

[Wolf *v.* Western Union Telegraph Co.]

it be so unreasonable as to render it contrary to public policy and therefore void. Though not wholly alike, telegraph companies and common carriers have some resemblance to each other in the public nature of the duties each performs. Hence the duties imposed upon them by the Acts of 1849 and 1851, under the sanction of penalties. This public character of telegraph companies is adverted to in The New York and W. Printing Tel. Co. *v.* Dryburg, 11 Casey 302, 303. In relation to the duties which concern the public, the unreasonableness of the rules adopted by these companies must therefore be scanned with an eye to their public policy. But clearly it is not unreasonable that a telegraph company should require notice of claims for its defaults within a reasonable time before being held to answer for the alleged default. From the very nature of its business, this may be essential to its protection against unfounded claims. These companies have often to wrestle with the elements themselves, in the storms which prostrate their lines or prevent their working, and are not to be held to a harsher rule than common carriers, who are excused by the act of God. Within sixty days the cause preventing the transmission of a message on a particular day might be easily ascertained and shown, which after the lapse of several years could not be discovered or proved. It is urged that the employer might not discover the failure to send his message forward within this time. How far this fact would displace the condition it is not proper now to say; but the reason is inapplicable to this case where, from the nature of the message, its failure to reach its destination must be known, and was known immediately by the employer. Another reason justifying the reasonableness of the provision for notice of the claim is found in the multitude of messages transmitted requiring a speedy knowledge of claims to enable the company to keep an account of its transactions before, by reason of their great number, they cease to be within their recollection and control. If authority be needed, in addition to these reasons, it will be found in the case of Lewis *v.* The Great Western Railway Co., 5 Hurl. & N. 867.*

Judgment affirmed.