Filed April 22, 1884.

---

No. 11,200.

WESTERN UNION TELEGRAPH COMPANY *v.* MEREDITH.

TELEGRAPH COMPANY.—*Failure to Transmit Message.—Complaint.—Copy of Telegram.*—In an action against a telegraph company, to recover the statutory penalty for failure to transmit a message, the complaint need not set out a copy of the message.

SAME.—*Contract Exempting Company Void.—Limitation.*—A contract between the company and the sender, absolving the former from liability for its negligence, is void, but a contract that claims for such damages must be presented within sixty days after the act complained of is valid.

SAME.—*Statute Constitutional.*—The statute of this State making telegraph companies liable to a penalty for failure to transmit, etc., is not in violation of the Federal Constitution.

SAME.—*Negligence beyond State Limits.*—Such action lies where the act complained of occurred beyond the limits of this State, if the message was delivered to the company within this State.

From the Decatur Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant. *J. S. Scobey,* for appellee.

ELLIOTT, J.—This action is for the recovery of the statutory penalty for a failure to transmit and deliver a message sent by the appellee to a person in Kansas City, Missouri.

The objection urged against the complaint, that it does not set out a copy of the message, is without force. The message is not the foundation of the action, and, therefore, not within the provisions of the statute requiring written instruments to be filed with the pleading.

The answer of the appellant sets forth the contract between the parties, from which it appears that it was expressly agreed that there should be no responsibility for damages, unless a claim in writing was presented within sixty days after the receipt of the message. It is averred that no such claim was presented within the time limited.

In *Western Union Tel. Co.* v. *Jones, post,* p. 228, we gave the question a careful examination and held that a telegraph company might reasonably limit its liability by an express contract, and that a limitation of sixty days for the presentation of claims was a reasonable one. Many authorities were there cited, and we do not deem it necessary to repeat them. A further examination has strengthened our confidence in the correctness of the conclusion there announced, and we have thought it not improper to add to the authorities we there cited. We find the text-writers and courts treating the question as free from doubt. Wharton, Thompson, and Redfield treat the question of the right to contract that claims shall be presented within a limited time as not open to discussion, and confine their discussions to the question whether such a limitation may be imposed by notice. Wharton Neg., section 760; 2 Thompson Neg. 846; Shearman & Redfield Neg., section 569.

Our own cases have uniformly held that common carriers may reasonably limit their liability by express contract. *Western Union Tel. Co.* v. *Jones, supra,* and authorities cited. If common carriers may do this, surely telegraph companies, whose liability has never been so great as common carriers, may do so. In *Western Union Tel. Co.* v. *Buchanan,* 35 Ind. 429 (9 Am. R. 744), this principle is fully recognized, but it was held, as all our cases hold, that the company could not by contract absolve itself from the consequences of its own negligence. The provision in the contract regarding notice was valid, and the court erred in sustaining the demurrer to the answer.

It is settled law that the provision of the contract as to ex-

emption from negligence is without force. The right of recovery is, therefore, not affected by this stipulation. *Western Union Tel. Co.* v. *Jones, supra; Western Union Tel. Co.* v. *Young,* 93 Ind. 118; *Western Union Tel. Co.* v. *Adams,* 87 Ind. 598 (44 Am. R. 776), and authorities cited; *Western Union Tel. Co.* v. *Blanchard,* 45 Am. R. 480, auth. n.

Our statute does not infringe the provisions of the Federal Constitution conferring power upon Congress " to regulate commerce with foreign nations and among the several States," nor does it abridge the freedom of commerce, nor conflict with any law of Congress. *Western Union Tel. Co.* v. *Pendleton, ante,* p. 12. The statute is a valid and effective exercise of the police power inherent in the State.

The right to the penalty given by statute is not defeated by the fact that the act of negligence which constituted the breach of duty occurred beyond the limits of the State. *Western Union Tel. Co.* v. *Pendleton, supra; Western Union Tel. Co.* v. *Lindley,* 62 Ind. 371; *Western Union Tel. Co.* v. *Hamilton,* 50 Ind. 181; *Carnahan* v. *Western Union Tel. Co.,* 89 Ind. 526; 2 Thomp. Neg. 838. Judgment reversed.

Filed April 22, 1884.