The Western Union Telegraph Company v. Trumbull.

Filed April 15, 1891.

<hr />

### No. 9.

### THE WESTERN UNION TELEGRAPH COMPANY v. TRUMBULL.

TELEGRAPH COMPANY.— *Complaint.— Legal Conclusion.*— In an action against a telegraph company for a failure to transmit a message in time and in the order of its sending, the complaint is not bad because it alleges that the defendant did not transmit it until a given hour after it received it, and did not transmit it "in order of time in which it was received, and with impartiality and good faith, and without delay, and in the order of time in which it was received." Such a statement is not a conclusion of law.

SAME.—*Presenting Claim for Damages.—Suit Brought before Lapse of Sixty Days.*—A stipulation in the contract that "the company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message" is reasonable, valid and binding upon the sender of the message who seeks to recover

the statutory penalty; but it has no application where the action is brought before the sixty-day limit has expired.

SAME.—*Contracting against Liability.*—The company can not contract against its liability for violation of its duty prescribed by the statute.

CONTRACT.—*Construction.*—*Intent.*—A contract is to be enforced according to its terms, construed so as to apply what may be regarded reasonably as the intention of the parties.

PRACTICE.—*Bad Reply to Bad Answer.*—A bad reply is good enough for a bad answer.

From the Starke Circuit Court.

*J. E. McDonald, J. M. Butler, A. H. Snow* and *A. J. Beveridge,* for appellant.

BLACK, C. J.—The appellant questions in this court, for the first time, the sufficiency of a complaint to recover the penalty prescribed by the act of April 8, 1885 (Acts of 1885, p. 151), for violation of the provisions of that act in the transmission of a telegraphic message.

The complaint alleged, among other things, that the appellee placed the message in the hands of the appellant's agent, at the appellant's office in the town of Knox, in Starke county, at five o'clock and thirty minutes in the afternoon of the 10th day of April, 1888, during the appellant's office hours, and paid the appellant in advance the sum of twenty-five cents for transmission of the message, which the appellant took and accepted, and undertook and agreed to transmit without delay, with impartiality and good faith, and in the order of time in which it was received; and that the amount received by the appellant as aforesaid was the full amount demanded by the appellant for the transmission of said message.

The only portions of the complaint to which objection has been made by the appellant are the following subsequent allegations:

"And that said defendant held said dispatch in its said office at the town of Knox aforesaid, and after the aforesaid agreement had been made and the pay for transmission had

been received as aforesaid, for the time of eighteen hours, and did not transmit the said dispatch till about 12 o'clock M. of April 11th, 1888, and did not transmit said dispatch in order of time in which it was received, and with impartiality and good faith, and without delay, and in the order of time in which it was received."

It is required by the statute of 1885 that the telegraph company, during the usual office hours, shall receive dispatches, whether from other telegraph lines or other companies or individuals, and shall, upon the usual terms, transmit the same " with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged or words or figures charged for, or manner or conditions of service between any of its patrons, but shall serve individuals, corporations and other telegraphic companies with impartiality ; " and that any person or company violating any of the provisions of this act shall be liable to the penalty prescribed.

The appellant, referring to the portion of the complaint above quoted, claims that, stripped of conclusions of law, the pleading contains merely a statement of the delay of the message.

Without intending to hold that the penalty provided for in this statute can be recovered for mere negligence in the transmission of a telegraphic dispatch, we are of opinion that the complaint is not open to objection proposed for the first time in this court.

There was a general denial and an affirmative answer.

An assignment of error is based upon the overruling of a demurrer to a reply to the affirmative answer. It is a familiar rule that a bad reply is good enough for a bad answer ; and if we find that the affirmative answer was insufficient, we need not examine the reply. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102; *Wilhite* v. *Hamrick*, 92 Ind. 594; *Scheible* v. *Slagle*, 89 Ind. 323 (326–7) ; *Western Union Tel. Co.* v. *Yopst*, 118 Ind. 248 (259).

The answer sets out the contract contained in the usual message blank upon which the dispatch in question was written, and relies upon the failure of the appellee to present her claim as stipulated in the following requirement in said contract:

" The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message."

There is abundant authority for holding that such a stipulation is reasonable, valid and binding upon the sender of a message who seeks to recover the statutory penalty. *Western Union Tel. Co.* v. *Jones*, 95 Ind. 228; *Western Union Tel. Co.* v. *Meredith*, 95 Ind. 93; *Western Union Tel. Co.* v. *Wilson*, 108 Ind. 308; *Western Union Tel. Co.* v. *Yopst, supra; Wolf* v. *Western Union Tel. Co.*, 62 Pa. St. 83 (Allen Tel. Cas. 463); Gray Com. by Tel., sections 34, 35.

In *Western Union Tel. Co.* v. *Yopst, supra,* it was held that such a provision in the contract does not apply where there is no transmission of the message.

The answer before us does not directly allege or deny that the message in question was transmitted, but it refers to the transmission by mention of " the party sending the message," and by alleging that the appellee did not present her claim " within sixty days after sending the message." It shows that the message was dated April 10th, 1888, and that it was received by the appellant on that day for transmission. The complaint, as already shown, alleged the delivery of the message to the appellant at five o'clock and thirty minutes in the afternoon of the 10th of April, 1888, and that the appellant held it for eighteen hours, and did not transmit it till about noon on the 11th of April, 1888, and did not transmit it in the order of time in which it was received, etc.

If it be regarded that it sufficiently appears that the dispatch was sent, it distinctly appears that it was not sent sooner than the 11th of April, 1888.

This action was commenced on the 5th of June, 1888;

therefore, the period of "sixty days after sending the message" had not elapsed when this action was commenced.

Will the failure of the sender of a message who has become a party to such a contract, to present his claim within sixty days after sending the message, bar his action for the penalty commenced before the expiration of that period?

In *Western U. Tel. Co.* v. *Yopst, supra,* it was said of such a stipulation.: "The limitation is for the benefit of the company and is of its own creation. It has no right, therefore, to ask that the contract be extended for its own benefit beyond the letter of the instrument."

The contract is to be enforced according to its terms, construed so as to apply what may be regarded reasonably as the intention of the parties. The duty imposed by the law can not be evaded by contract. The company can not contract against its liability for violation of its duty prescribed by the statute; and in the stipulation in question there is no attempt to do so. It provides that if a violation of duty occur the company will not be liable for damages to which the other party thereby becomes entitled, in a case where the claim is not presented in writing within sixty days after sending the message.

It may be supposed that by inserting the stipulation in the contract the company intended to prescribe a limit for the presentation of the claim which would enable it to investigate the case while the facts were yet new and ascertainable by it, and which would be treated by the courts as reasonable for such a purpose.

The appellee's right of action was not founded upon the presentation of a written claim; it was based on a breach of statutory duty. The appellee was not bound to allege as a part of her cause of action that she had presented a written claim.

As against the company, when a violation of duty has occurred, the liability for the penalty has accrued immediately. The right to recover it may be lost by failure to present a

claim in writing within a period of sixty days after sending the message.

The contract does not supersede the statute of limitations. It does not prescribe a period beyond which an action may not be brought. Nor does it attempt to require the lapse of any period, or the performance of any act before a right of action shall accrue, or a suit shall be commenced.

When the failure to present the claim, as provided in the contract, may be made available as a defence, it can not be proved under the general denial, but being an affirmative defence it must be specially pleaded. *Western Union Tel. Co.* v. *Scircle*, 103 Ind. 227. It is to be pleaded, not in abatement, or in bar of the further maintenance of the action, but in bar of the action generally.

The answer must relate to the time of the commencement of the action, otherwise it would not be a complete bar.

At the commencement of this action the appellee still had a number of days within which by the presentation of her claim she could have provided against a defence based on this stipulation, to an action commenced at any time after the sixty days,' and within the statutory limitation of such an action.

It could not be said, having relation to the time of the commencement of this action, that for the period of time allowed by the contract the appellee had failed to present her claim in writing.

In a note to *Wolf* v. *Western U. Tel. Co., supra,* in Allen Tel. Cas., the editor, on page 369, says: " It will be observed, in this case, that the date of the message was October 23d, 1866; and that the action was brought December 13th, 1866, fifty-one days afterwards. It was not proved that any written claim for damages was presented in any other form than by bringing the action; but the question whether the bringing of the action would of itself amount to a presentation of a claim in writing for damages was not adverted

to, either by counsel or by the court. The case for the plaintiffs was put upon the ground that the plaintiffs were not bound by the condition. It was not urged that they had complied with the condition. The purpose of this requirement seems to have been simply to enable the company to know seasonably what claims are to be pressed against them. In ordinary cases, where a promissory note is payable on demand, the bringing of an action is a sufficient demand. So in an action against a telegraph company to recover damages for negligence in respect to a message, ordinarily no special demand need be proved. If any special demand were necessary, by common law, clearly such demand need not be in writing. The requirement in this case, however, calls for a written demand; and as the company seek to impose on the plaintiffs a duty not resting upon them by common law, the condition should not be extended beyond its reasonable import by construction. There is nothing in its terms requiring that the claim in writing shall be presented before action brought. * * It is worthy of consideration whether the plaintiffs' action might not have been supported upon the ground that the bringing of it within the sixty days amounted to a compliance with the provision."

In Gray on Communication by Telegraph, in a note to section 35, the author refers to *Wolf* v. *Western U. Tel. Co.*, *supra*, and to Mr. Allen's note, and says that the bringing of the action within the time provided for the presentation of the claim, "it seems, substantially complied with the stipulation, the object of which was to put the company, in a reasonable time, in possession of accurate information of the breach of the contract in case a breach of it occurred."

Perhaps it is well enough to say, not that the commencement of the action within the sixty days is a compliance with the provision of the contract, but rather that in such a case the stipulation in question can have no proper application, and, therefore, does not affect the rights of the parties.

If these views are correct, the second paragraph of answer was insufficient.

There was a motion for a new trial, assigning that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

We have read the evidence, and holding to the opinion expressed herein concerning the answer, we are unable to say that there was error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Filed April 14, 1891.