Manier & Co. v. Western Union Telegraph Co.

Manier & Co. v. Western Union Telegraph Co.

(*Nashville.* February 23, 1895.)

1. Telegraph Companies. *Negligence in sending message. Example.*

    ·A telegraph company is negligent in sending and delivering a message addressed by an attorney to his client inquiring whether the latter desired attachment of its failing debtor's property, and requesting a prompt answer, where the message was received by the company about nine A.M., and was not delivered until between six and seven P.M. of the same day, without other excuse for the delay than that the messenger boy, finding the addressee's business house temporarily closed, left the message for him with a reputable neighbor, who paid the charges and undertook to deliver it. (*Post, pp. 443–445.*)

2. Same. *Negligence not cause of loss, when.*

    The negligence of a telegraph company in forwarding a message whereby a creditor's attachment of his debtor's property is postponed to the attachments of other creditors, does not render the company liable for the debt where it appears that the property attached was of sufficient value to satisfy all the debts, and that it was sold at private sale, by agreement of parties, to which the company was not a party, for an insufficient sum and at a great sacrifice. (*Post, pp. 445, 446.*)

3. Same. *Notice of claim for damages.*

    A contract exempting a telegraph company from liability unless the claim for damages resulting from negligence in transmission of message shall be made within sixty days after the message is sent, is a reasonable and valid stipulation. (*Post, p. 446.*)

    Cases cited: 60 Pa. St., 83; 34 N. Y. (Sup. Ct.), 390; 21 Wall., 264; 4 S. Rep., 468; 95 Ind., 93, 94; 17·Mo. App., 259; 39 Fed. Rep., 181; 19 S. W. Rep., 256.

4. Same. *Same.*

    It is not sufficient compliance with this contract to notify the telegraph company of delay of message, and probable loss, without presenting any distinct claim; nor to give the notice

Manier & Co. *v.* Western Union Telegraph Co.

more than sixty days after the message is sent, although the loss could not be accurately ascertained without litigation that could not be terminated within that period. (*Post, pp. 448, 449.*)

5. SAME. *Addressee bound by sender's contract.*

The addressee, for whose benefit a message is sent, is bound by the contract made between the telegraph company and the sender. (*Post, pp. 447, 448.*)

Case cited and approved: Wadsworth *v.* Telegraph Co., 86 Tenn., 712.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. ANDREW ALLISON, Ch.

J. C. McREYNOLDS for Manier & Co.

JAS. S. PILCHER and LEMUEL R. CAMPBELL for Western Union Telegraph Co.

SNODGRASS, Ch. J. The complainant sued the defendant for failure to deliver in time a certain message sent complainant from Starkville, Miss., by its lawyer at that place, advising complainant that Hollinshed & Co., merchants at Starkville, and debtors of complainant, were having their property attached by creditors, and requesting that complainant should wire its lawyer the amount of its claim and the names of the individual members of its firm. To this message quick answer was asked, saying whether or not complainant desired to attach. This message

was delivered to defendant's agent at Starkville about nine o'clock A.M., December 25, 1891. It was addressed to complainant at its business house on the Square, in Nashville. The messenger boy took the dispatch to the place of address, and found the house closed. Mr. Carter, of Carter, Dunbar & Co., a neighboring firm of reputable merchants, told the boy to leave the dispatch with him, which he did, Mr. Carter first paying the charges. The dispatch did not reach the complainant until between six and seven P.M. of the same day. As soon as practicable, about an hour thereafter, the complainant answered. The reply message was delivered at Starkville about 9:30 A.M. of the next day. The complainant's counsel, on receipt of the message, brought suit against Hollinshed & Co., attaching its property. Before this attachment was levied, however, other attachments had been levied in favor of other creditors, and, finally, after judgment for the full amount, complainant only obtained about the sum of $385 on its debt of $1,920.

This bill was filed November 19, 1892, to recover of defendant, as damages, the difference between the amount finally realized by the attachment and the amount of the complainant's debt. The bill was answered, proof taken, and, on the hearing, the Chancellor dismissed the bill. The complainant appealed and assigned errors.

The complainant insists that the decree was erroneous, because of the fact that it had shown negli-

gence in the delivery of these messages, and loss to the amount of the claim not satisfied by the attachment, it being made to appear that Hollinshed & Co., and the members of that firm, are insolvent, and that the loss of the debt resulted from the failure to attach in time. The defendant denies all these propositions. It insists that it was not negligence that caused the delay of either message, and that the complainant's attachment was levied on property sufficient to have paid the debt; that that property was disposed of in the attachment suits by agreement of the creditors, to which defendant was not a party, and that, therefore, it is not liable for the loss. It further insists that it is not liable because the claim for damages was not presented in writing within sixty days after the sending of the message, according to the terms of the contract contained in the blank upon which the telegram sent was written by complainant's counsel, and on which or similar blank it was delivered to the complainant. It makes other questions not necessary now to be considered.

Taking these propositions in order, it appears in evidence that there was a negligent delay in delivering the first message, and not in delivering the second.

Goods to the value of nearly $10,000 were attached. They were sold by agreement of the parties. The Sheriff, who made the sale, shows in his deposition that "the total of the receipts for the goods

was $6,505.65. Of this amount, $3,655.65 were sold at retail at ten per cent. above cost, and the remainder of the stock was sold in bulk for $2,850, at a loss of sixty per cent."—that is, a loss of $4,300. In other words, goods worth $7,150 were sold by consent of the parties for $2,850, and even under such sale Manier & Co. received about the sum of $385. So it appears this firm would have been next paid off. Had the goods brought anything like their value, complainant's debt would have been paid in full. Complainant did not choose to make the goods, which it got attached, bring its debt, nor were they so sold as to effect a judicial determination that their value was what they brought. Complainant has not, therefore, proven that the failure to deliver this message in time caused the loss. But, assume that it had, it remains to inquire whether other defenses stated are effectual to prevent complainant from obtaining relief sought. The contract, as already shown, provided that the defendant telegraph company was not liable for damages in any case where the claim was not presented in writing within sixty days after the sending of the message. Such a stipulation is reasonable, and has been repeatedly upheld by the Courts. *Wolf* v. *Telegraph Co.*, 62 Pa., 83; *Young* v. *Telegraph Co.*, 34 N. Y. (Sup. Ct.), 390; *Express Co.* v. *Caldwell*, 21 Wall., 264; Am. & Eng. Ency. of Law, Vol. XXV., p. 798, and notes. And see 4 S. Rep., 844; 15 S. Rep., 468; 95 Ind., 93, 94; 17

Mo. App., 259; 39 Fed. Rep., 181; 19 S. W. Rep., 256.

The complainant insists that it is not bound by such stipulation, for several reasons: First, it did not make the contract, and, as the addressee of the message, is not bound by its terms. There are cases so holding, with many to the contrary. It is not necessary to determine in this case where the weight of authority lies. It is held in numerous cases that the addressee is bound by the reception of a dispatch upon similar blank containing like provisions with one used by the sender. It has also been held that the addressee may be presumed to have been aware of the terms of such contract when he appears to have been a patron of the telegraph company under circumstances sufficient to charge him with knowledge of such forms. Mr. Manier shows complainant had been a patron of defendant for several years, sending and receiving messages.

The cases presenting and discussing these propositions will be found among the citations hereinbefore and hereinafter made in other connections, as well as in 114 Ind., 511; 31 Fed. Rep., 362; 21 Pac. Rep., 339; Am. & Eng. Ency. of Law, Vol. XXV., p. 807 and notes; 64 Fed. Rep., 459; 14 S. E. Rep., 94; 15 S. W. Rep., 468; Thompson on Negligence, pp. 846, 847, and cases cited. The three classes of cases, those in negative of first proposition and affirmative of the last two, make

an overwhelming preponderance in favor of binding the addressee in the relation of complainant, which was not only of addressee but of addressee beneficially interested, and as one receiving message on similar blank to that used by the sender, and as a patron of the company, upon whom knowledge of the forms of contracts embodied in these blanks might be charged. We think the sound rule is, that the contract made between the sender and the telegraph company, which is for the benefit of the addressee, confers upon him the benefits, and charges him with the conditions, of the contract. In England, the addressee has no right of action as such under the contract of the sender. But this doctrine is generally rejected, and a distinctively "American rule" to the contrary is adopted in all, or nearly all, the States, including Tennessee. Am. & Eng. Ency. of Law, Vol. XXV., p. 825, note 4; *Wadsworth* v. *Telegraph Co.*, 2 Pickle, 712, and cases cited.

It follows logically that, accorded the benefits of the contract, and given the right to sue upon it, the addressee should be bound by it to the same extent as the sender, and we so hold. But the complainant insists that it was not required to bring this action within sixty days of its discovery of delay and probable loss, but only within sixty days of realization of the loss and damage which it had sustained by negligent delivery. In addition to this, complainant says that it did give the defendant no-

tice of this negligent delay of the message within sixty days, and, by so doing, imparted knowledge of probable loss, and thus presented its claim. These positions are in apparent antagonism. One assumes that the defendant did not know of its loss, and could not present its claim within sixty days, and the other that it did so. As a matter of fact, it notified the defendant of the delay of the message and probable loss, but it presented no claim therefor within sixty days. The complainant is also in error in the assertion that it could not have done so. It need not have delayed, and, under this contract, could not have delayed until the termination of that suit, to present its claim for damages. It might have done so at once. It could have notified the defendant of the delay, and that it claimed all resultant damages as its loss. The loss could have been stated to be whatever portion of the complainant's debt was not realized under the attachment. It need not have stated a specific amount, but could have done so by claiming damages to the amount of the entire debt, less whatever could be realized in the suit, and thus presented it as a claim against the company.

The decree of the Chancellor is correct, and is affirmed, with cost.