WESTERN UNION TELEGRAPH COMPANY *v.* TEXANA
COURTNEY.

(*Knoxville.*   September Term, 1904.)

1. **TELEGRAPH COMPANY.** Stipulation respecting notice of
   claim for damages; sender's assent thereto presumed.

   A stipulation in a contract for the transmission of a telegram that
   the telegraph company will not be liable for damages, unless
   the claim is presented within sixty days after the message is
   sent, is reasonable and valid, and the sender of a telegram,
   using a blank upon which is written or printed such stipulation,
   is presumed to assent thereto.

   Case cited and approved:   Manier & Co. v. Telegraph Co., 94
   Tenn., 442.

2. **SAME.**   Essentials of notice of claim for damages.

   Where the contract for the transmission of a telegram provides
   that the company will not be liable for damages, unless claim
   therefor is presented in writing within sixty days after the
   message is filed, the notice or presentation of the claim must
   be in writing, identifying the message, stating the negligence
   complained of, and the nature and extent of the damages suf-
   fered.

   Cases cited and approved:   Manier & Co. v. Telegraph Co., 94
   Tenn., 442; Telegraph Co. v. Brown, 84 Texas, 54.

3. **SAME.** Same.  Summons not containing essentials of notice
   insufficient.  Case in judgment.

   Where the contract for the transmission of a telegram contains
   the stipulation set out in the first and second headnotes, the in-
   stitution of suit and service of process may operate as a presen-
   tation of a claim for damages when the process is served within

Telegraph Co. v. Courtney.

.the specified time and contains the essentials of a formal notice or claim for damages as set out in the second headnote, or. when the declaration giving such information is filed within the stipulated time; but a summons merely stating that the defendant company was called on to answer plaintiff "in an action to her damage two thousand dollars" is wholly insufficient to meet the requirements of the contract.

Cases cited and approved:  Manier & Co. v. Telegraph Co., 94 Tenn., 442; Telegraph Co. v. Mellon, 96 Tenn., 75.

FROM HAMILTON.

Appeal in error in the Circuit Court of Hamilton County.—M. M. ALLISON, Judge.

GEO. H. FEARONS, BROWN & SPURLOCK, SHIELDS, CATES & MOUNTCASTLE, for Telegraph Company.

W. H. CUMMINGS and C. W. RANKIN, for Texana Courtney.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This action was brought in the circuit court of Hamilton county to recover damages for the negligent and wrongful failure of the plaintiff in error to promptly transmit and deliver a message filed with it by the de-

fendant in error for that purpose February 8, 1903. The summons was issued February 19, 1903, and served two days later. It contained no other statement of the plaintiff's cause of action than that the defendant is required "to answer Texana Courtney in an action to her damage two thousand dollars"—the usual form of such process.

The declaration, in which the cause of action is fully stated, was filed May 25, 1903.

There is proof tending to show that the message was written on one of the blanks furnished by the company for that purpose, containing a stipulation that the company should not be liable for any damages occurring from a breach of its contract to promptly transmit and deliver the message unless a claim therefor was presented in writing within sixty days after the message was filed for transmission, and that no formal presentation was made. The trial judge instructed the jury that, if the action was begun and the summons served upon the defendant within sixty days next after the message was filed, this would be a sufficient presentation of the claim, and this instruction is now assigned as error.

The stipulation in the contract for transmission is in the usual form used by this company, and is as follows: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with this company for transmission." This has

been held to be a reasonable regulation and valid contract, which the sender of a message is presumed to assent to when he uses a blank upon which it is written or printed in preparing his message, by this and the courts of last resort of nearly all the other States. *Manier & Co.* v. *W. U. T. Co.,* 94 Tenn., 442, 443, 29 S. W., 732, 27 Am. & Eng. Ency. of Law (2d Ed.), 1046.

The object and purpose of the stipulation is that the company may have notice of the claim made against it, and intelligently settle with the plaintiff, or prepare its defense while the facts are known and evidence of them obtainable.

The presentation of the claim must be in writing, fairly identifying the message in question, and stating the negligence complained of, and the nature and extent of the damages suffered. *Manier & Co.* v. *W. U. T. Co.,* 94 Tenn., 442, 29 S. W., 732, 27 Am. & Eng. Ency., 1048; Crosswell on Electricity, sec. 558; *W. U. T. Co.* v. *Brown,* 84 Tex., 54, 19 S. W., 336.

The institution of suit and service of process upon the company may operate as a presentation of the claim when the service is made within sixty days after the message was filed and the process contains a statement of the nature and extent of the plaintiff's claim for damages as herein held sufficient in a formal claim, or the declaration giving this information is filed within the prescribed time.

This was substantially held in the cases of *Telegraph*

*Co.* v. *Mellon,* 96 Tenn., 75, 33 S. W., 725, and *Manier & Co.* v. *Telegraph Co.,* 94 Tenn., 442, 29 S. W., 732.

But the summons in this case does not purport to give the company any information of the character of the claim of the plaintiff. All that can be learned from it is that the defendant is called upon to answer plaintiff in an action to her damage $2,000. It may be for breach of contract of some kind, or for a tort committed against the person or property of the plaintiff by some one of the company's many agents. If it be for negligence in the transmission and delivery of a message, who sent the message or to whom it was sent, when or where it was filed for transmission, nor the place of delivery, nor whether the claim is for delay or mistake in transmission, is not stated. What possible information of the nature of the claim does the company get from the mere notice that it is sued by the plaintiff for $2,000 damages?

If this meager statement in a writ is a sufficient presentation, then a notice to the telegraph company simply to the effect that the party sending or receiving a telegram has a claim against it, without referring to the particular telegram, or to the nature of the claim made, would likewise be sufficient. This would entirely defeat the object of the rule. There might be cases where the company within sixty days had sent or received numerous telegrams for the parties bringing suit or giving such notice, and it would be required to preserve evidence with respect to each of these telegrams, and make

Telegraph Co. v. Courtney.

an investigation with respect to them, in order to receive any benefit from the provision in question.

The summons in this case is a mere citation, and cannot be said to be a presentation of the plaintiff's claim within the spirit of the contract made by the parties for the transmission of the message.

The instruction of the trial judge to the jury complained of was therefore erroneous, and for this error, and others disposed of orally, the judgment must be reversed, and the case remanded to the circuit court for a new trial.