WESTERN UNION TELEGRAPH COMPANY *v.* GREER.

## (*Knoxville.* September Term, 1905.)

1. **TELEGRAPH COMPANIES.** Stipulation respecting notice of claim for damages—doctrine re-affirmed.

   The holding of this court that a stipulation in a contract for the transmission of a telegram, exempting a telegraph company from liability for damages unless the claim is presented within sixty days after the message is sent, is reasonable and valid, is re-affirmed.

   Cases cited and approved: Telegraph Co. v. Courtney, 113 Tenn., 482; Manier & Co. v. Telegraph Co., 94 Tenn., 442, and cases cited in the opinion.

2. **SAME.** Same. Not applicable, when.

   But such stipulation is not applicable where the suit is commenced within the specified time under a writ or pleading which sets out the facts with sufficient fullness to call the attention of the company to the particular message and conduct complained of.

   Cases cited and approved: Telegraph Co. v. Courtney, 113 Tenn., 482; Telegraph Co. v. Mellon, 96 Tenn., 66, and cases cited in opinion.

3. **SAME.** Same. Applicable to actions for penalties.

   The stipulation in a contract for the transmission of a telegram, exempting a telegraph company from liability for damages or statutory penalties unless the claim is presented within sixty days after the message is filed for transmission, applies to actions for statutory penalties as well as for damages.

   Case cited and approved: Telegraph Co. v. Mellon, 96 Tenn., 66.

4. **SAME.** Same. Binding upon infants.

   Such stipulations, being reasonable regulations of the business of telegraph companies, are binding upon infants, as well as adults, contracting therewith.

## FROM CLAIBORNE.

Appeal in error from the Circuit Court of Claiborne County.—P. G. FULKERSON, Special Judge.

GEORGE H. FEARONS, HUGHES & HUGHES, and SHIELDS, CATES & MOUNTCASTLE, for Telegraph Company.

G. W. MONTGOMERY, JESSE L. RODGERS and JOHN P. DAVIS, for Greer.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was originally brought before a justice of the peace under a warrant stating the cause of action to be "for failure to promptly and properly send and deliver a certain telegram." There was a judgment rendered against the company by the justice of the peace, and from this judgment an appeal was prosecuted to the circuit court. In that court a judgment was rendered in favor of the plaintiff below for $200, and from this latter judgment the company prayed and obtained an appeal to this court.

The facts, so far as necessary to be stated, are as follows:

In January, 1905, the defendant in error, then a boy seventeen years old, left his father's home in Claiborne

115 Tenn.—24

county, this State, without his father's knowledge or
consent, and went thence to Louisville, Ky., and from
that city to Decatur, Ill. When he reached Decatur he
had only about $1 or $1.50 in his possession. He tried to
obtain work, but could get nothing to do. He then went
to the telegraph office and deposited a telegram, ad-
dressed to his uncle, "Bud" Greer, at New Tazewell,
Tenn., the station nearest his father's home. This mes-
sage was as follows, viz. :

"Decatur, Ill.

"To Bud Greer, New Tazewell, Tennessee:

"Send me fifteen dollars. Can't come home until I get
it. See mama.

"HUSTON GREER."

For the transmission of this message Huston Greer
paid the company's charge, fifty-nine cents. After he
deposited the message he went to a hotel, where he re-
mained all night, and returned the next morning to the
telegraph office for a reply, but received none. After
he had paid the charge for the message and his hotel bill
he had only ten cents left. With that he bought some-
thing to eat. After his money was all gone he went to
police headquarters, and told the officials in charge that
he was out of money and had no place to stay. There-
upon he was admitted to the jail, where he remained
and was lodged and fed, and kindly treated for ten days.
At the expiration of this time he received sufficient
money to bear his expenses, and was released from con-
finement and returned home. The money, however, was

Telegraph Co. v. Greer.

sent in response to a letter which he wrote and mailed to his father while he was in jail. The telegram, when it reaches the sendee, read "Decatur, Ala.," instead of "Decatur, Ill." A second telegram, sent the next day, met the same fate. The result was that defendant in error's home people were misled into believing that he was in Decatur, Ala., and made inquiries accordingly, the consequence of which was the ten days' delay complained of.

The blank form upon which the message was written contained on its face a stipulation that the terms on the back of it were assented to. One of these terms was expressed in the following language: "The company will not be liable for damages or statutory penalty in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The present suit was not brought until after the sixty days had expired.

Sundry errors are assigned by the company as follows:

That the court erred (1) in refusing to withdraw from the jury all evidence concerning the payment of money by defendant in error's father for the purpose of ascertaining his whereabouts; (2) in refusing to withdraw all evidence concerning the defendant in error's having gone to jail in Decatur, Ill.; (3) in instructing the jury that defendant in error could recover for grief, disappointment, or other injury to his feelings; (4 and 5) in

submitting to the jury the question of punitive dam-
ages; (6 and 7) in refusing to charge the jury, in accord-
ance with the request of plaintiff in error, that the de-
fendant in error, although a minor, was bound by the
sixty days' clause above set out; (8) in refusing to set
aside the verdict on the ground that it was excessive,
evincing partiality, prejudice, or passion.

In the view we take of the case, it is necessary that we
consider only the sixth and seventh assignments.

In this State it has been held that the sixty. days'
clause is a reasonable and valid one. *Manier* v. *Tele-
graph Co.,* 94 Tenn., 446, 29 S. W., 732; *Tel. Co.* v.
*Courtney,* 113 Tenn., 482, 82 S. W., 484. And the great
weight of authority elsewhere is to the same effect. *Al-
bers* v. *Telegraph Co.* (Iowa), 66 N. W., 1040; *Russell*
v. *Telegraph Co.* (Kan.), 45 Pac., 598; *Webbe* v. *Tele-
graph Co.,* 64 Ill. App., 331; *Telegraph Co.* v. *Meredith,*
95 Ind., 93; *Tel. Co.* v. *Jones,* 95 Ind., 228, 48 Am. Rep.,
713; *Telegraph Co.* v. *McKibben* (Ind. Sup.), 14 N. E.,
894; *Telegraph Co.* v. *Yopst* (Ind.), 20 N. E., 222, 3 L.
R. A., 224; *Lester* v. *Telegraph Co.* (Tex. Sup.), 19 S.
W., 256; *Hill v. Telegraph Co.* (Ga.), 11 S. E., 874, 21
Am. St. Rep., 166; *Telegraph Co.* v. *Waxelbaum* (Ga.),
39 S. E., 443, 56 L. R. A., 741, 742; *Telegraph Co.* v.
*Daugherty,* 54 Ark., 221, 15 S. W., 468, 11 L. R. A., 102, 26
Am. St. Rep., 33; *Telegraph Co.* v. *Phillips* (Tex. Civ.
App.), 21 S. W., 638; *Smith-Frazier Boot & Shoe Co.* v.
*Telegraph Co.,* 49 Mo. App., 99; *Kirby* v. *Telegraph Co.,*
7 S. D., 623, 65 N. W., 37, 30 L. R. A., 612, 621, 624, 46

Telegraph Co., v. Greer.

Am. St. Rep., 765. But the regulation is not applicable when the suit is commenced within the specified time, under a writ or pleading which sets out the facts with sufficient fullness to call the attention of the company to the particular message and conduct complained of. *Telegraph Co. v. Courtney,* supra; *Telegraph Co. v. Mellon,* 96 Tenn., 66, 33 S. W., 725. And see *Telegraph Co. v. Trumbull* (Ind. App.), 27 N. E., 313; *Telegraph Co. v. Karr* (Tex. Civ. App.), 24 S. W., 302; *Telegraph Co. v. Ferguson* (Tex. Civ. App.), 27 S. W., 1048. The principle underlying the cases supporting the rule is that the nature of a telegraph company's business requires it to receive and transmit thousands of messages within a comparatively brief space of time. Many of the particulars concerning these transactions are necessarily of a temporary and fleeting nature, and it is just that an opportunity should be given it to inquire into the facts and circumstances attending a mistake in a message, or delay in delivery, while the matter is still within the memory of witnesses. *Telegraph Co. v. Mellon,* supra; *Kirby v. Telegraph Co.,* supra (opinion of Fuller, J.). The reason applies as well where the suit is for a statutory penalty as where it is directly upon the contract. *Telegraph Co. v. Mellon,* supra; *Gray v. Telegraph Co.* (Ga.), 13 S. E., 562, 14 L. R. A., 95, 27 Am. St. Rep., 259; *Kirby v. Telegraph Co.,* supra; *Telegraph Co. v. Yopst,* supra; *Telegraph Co. v. Meredith,* supra; *Telegraph Co. v. Jones,* supra; *Albers v. Telegraph Co.,* supra; *Montgomery v. Telegraph Co.,* 50 Mo. App., 591; *Kendall v.*

*Telegraph Co.,* 56 M'o. App., 192. And it is the same
whether the transaction be with an infant or with an
adult. If a contract should be made by an infant with a
telegraph company, under such circumstances as appear
in the present case, such contract would be for necessar-
ies and binding upon him. He could not sue upon the
contract and repudiate part of it. If the suit should be
regarded as brought for the recovery of a penalty, or for
damages in the nature of a statutory penalty, the result
must be the same, since it has been held in this State that
the sixty days' clause applies in such cases (*Tel. Co.*
v. *Mellon,* supra) ; it being regarded as a reasonable reg-
ulation of the business. Resting on the basis it does, no
reason is apparent why a minor should be excused from
compliance with this regulation any more than an adult.
Such persons must generally depend upon adult rela-
tives or friends for the protection of their rights, and
where the law makes no saving or exception in their
favor the court can make none. Without doubt, owing
to the great lapse of time and loss of evidence, the evils
intended to be provided against by the rule would be
very greatly intensified by establishing an exception in
favor of persons under age and permitting them to sue
after attaining their majority. Conceding that we have
power to ingraft this exception upon the rule, the
serious evils that would result from so doing would far
outnumber and outweigh the few instances in which the
rights of infants against telegraph companies for breach

Telegraph Co. v. Greer.

of duty would be lost by the failure of relative or friends to present their claims for them.

The point has been ruled in the same way as to infants in respect of contractual limitations in insurance policies. *Sugg* v. *Travelers Ins. Co.,* 9 S. W., 676, 1 L. R. A., 847; *Mead v. Ins. Co.,* 64 L. R. A., 79, 75 Pac., 475; *O'Laughlin* v. *Union Central Ins. Co.,* 3 McCrary, 543, 11 Fed., 280.

The sixth and seventh assignments having been sustained, the judgment must be reversed.