## SCOTT & GERACI v POSTAL TELEGRAPH CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4207. Decided Feb 6, 1933

Joseph R. Rohrer and William R. Meier, Cincinnati, for plaintiff in error.

Waite, Schindel & Bayless, Cincinnati, and Herbert Shaffer, Cincinnati, for defendant in error.

HAMILTON, J.

Defendant in error urges that the judgment below is correct, first, for the reason that the plaintiff having received the telegram at 1:44, it is estopped to claim damages by reason of its failure to accept until 5:15 of the same day. Had it promptly accepted the telegram at 1:44 P. M., it would have been received by the Hartner Produce Company prior to the sale of the car to other parties. Second: That no proper claim was filed within the 60 day period as required in the endorsement on the back of the telegram. Third: That the telegram of acceptance, transmitted by the plaintiff at 5:13 was conditional. Fourth: That the claim of the plaintiff for damages was speculative.

Plaintiff in error contend that the trial court was in error in its rulings on the questions raised; and, further, error in the exclusion of evidence offered by the plaintiff.

The question of evidence grows out of the following question asked Scott, one of the partners:

"Q. State what you would have done if the June 29, 1930 Hartner night letter, which is Exhibit C in this case, had been delivered seasonably?"

The court sustained an objection. Whereupon, the plaintiff made the following proffer:

"The witness, if allowed to answer this question, would testify that if the message had been delivered at the regular time on Monday morning, he would have accepted it immediately."

The record does not disclose any exception taken to the sustaining of the objection, further than the proffer made. While the question might have been more explicitly framed, it was clear as to what it referred, and particularly in view of supporting evidence that plaintiff had endeavored to secure lettuce, and that there was a scarcity of the same; that it had sent letters to other produce companies, and within a short period after the receipt of the second telegram, sent a telegram of acceptance.

The question should have been admitted. However, it is not determinative of the case here.

Neither are we in accord with the ruling of the court on the question of laches or delay in answering acceptance of the second telegram. It must be borne in mind that the second telegram received from Hartner Company necessarily inferred that the plaintiff had received the first telegram. The plaintiff, not having received the first telegram, could not know that the offer in the second telegram was made subject to prior sale, since prior sale was only mentioned in the first telegram. It accepted the second telegram somewhat blindly, for the reason that it could not know the conditions and the terms and kind of produce offered in the first telegram. This second telegram was sent about 3½ hours after receipt of the telegram at 1:44. This was not an unreasonable delay, particularly in view of the fact that the second telegram proceeded on the theory that the first telegram had been delivered, which was not the case.

This also answers the proposition that the acceptance by the telegram of 5:15 was conditional.

It is urged that the damages are speculative; that the plaintiff made no effort to buy lettuce on the market or show that it could not be so obtained.

The plaintiff was not bound to go into the market to supply the requirements under the offer of purchase.

**Sec 8447 GC** of the Sales Act answers this question. It provides, paragraph 3:

"* * * the measure of damages * * * is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, * * *."

In 24 R.C.L., 70, it is stated:
"To entitle the buyer to the damages, he is not required to supply himself by repurchases elsewhere."

To hold as claimed by defendant in error would be that the plaintiff was not diligent enough to satisfy and offset the negligence of the Postal Company in its failure to deliver the telegram within a reasonable time. The law is that a party may show loss of profit in a transaction of this character and the measure of damage is the difference in the price at the time of the purchase and the market price at the time when in the usual course delivery should have been made.

Our conclusion is, that if the claim was duly filed with the defendant company, plaintiff would be entitled to recover.

The blank form upon which the night letter of June 29th, 1930 was written provided as follows:

"5. The Company shall not be liable for damages * * * in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

This blank form was duly filed with and approved by the Interstate Commerce Commission, presumably so, since such filing is not denied.

This requirement has been established in law to be a reasonable and valid limitation and that failure to file a claim within sixty days bars the claim. Gardner v Western Union Telegraph Co., 231 Fed., 405, and many other cases.

The question then is: Does the letter of July 2nd, 1930, by the plaintiffs to the defendant constitute a filing of the claim, since it is admitted that no other claim was filed until the 60 day period had expired.

The letter relied upon by plaintiff in error, as constituting the filing of its claim is hereinabove set out.

Plaintiff in error relies largely upon the case of Newburn v Western Union Telegraph Co., 195 N. C. 250 (141 SE 592), wherein a telegram to the Company's agent, reciting that the Telegraph Company would be expected to reimburse plaintiff for losses sustained by error in the telegram, resulting in giving erroneous shipping instructions, was held sufficient notice to comply

with the provision on the telegram requiring claims for damages to be presented in writing within sixty days after filing of message with Company for transmission. Plaintiff in error also relies on the case of Manier v Western Union Telegraph Co., 94 Tenn., 442, wherein was held:

"The fact that the exact amount of damages could not be ascertained within the sixty (60) days will not dispense with the necessity of presenting the claim within that time, as the amount of damages need not be stated in the claim in specific terms * * *."

Plaintiff in error cites further cases in which it is claimed the letter of July 2nd, 1930, is, by inference, sustained as being sufficient.

Jones in his work on "Telegraph and Telephone Companies," §394, page 525, gives the rule as follows:

"First, the claim should be presented in writing; second, it should set forth in unmistakable terms the nature of the demand, and third, it should be presented to a proper agent of the company."

The letter states simply that the plaintiff is advising the defendant to make a record in its office that it will enter a claim for the loss on mixed car of lettuce and peas; that if the company will investigate it will find that its office failed to deliver a wire from the Hartner Produce Company, and just as soon as its files are complete it will forward claim to defendant.

We are unable to see from an analysis of this letter any filing of a claim. What consideration could the defendant company give to this communication? More than ninety days after the night letter of June 29th was sent to the company for transmission, a written claim was filed with the defendant company, indicating that plaintiff did not consider its letter of July 2nd as the filing of a claim.

It is true it has been held that the claim filed to be valid need not state the amount of the claim, if the claim recites the nature of the claim and its extent.

In 37 Cyc, 1690, the rule is stated:
"The claim must identify the message, state the negligence complained of, and the nature and extent of the damages sustained. It is not sufficient merely to give notice of the negligence complained of, to make complaint thereof and demand an ex-

planation, or to give notice that a claim for damages will be made."

To the same effect are the cases of Blamberg Bros. v Western Union Telegraph Co., 153 Md., 329; Manier v Western Union Telegraph Co., supra; Western Union Telegraph Co. v Courtney, 113 Tenn., 482, 82 SW, 484.

As above stated, the case largely relied upon by the plaintiff in error is Newburn v Western Union Telegraph Co., supra. But it will be noted in that case that the notice stated:

"All losses sustained and all additional expenses we have had or will have in connection with closing this car we shall expect the Western Union to reimburse us."

This was a clear demand to make good all losses whatever that they might suffer, and it was held to be sufficiently definite to comply with the requirement for the filing of the claim.

An examination of all the authorities leads us to the conclusion that the letter of July 2nd, 1930 from the plaintiff to defendant was not a filing of a claim in compliance with the sixty day requirement. For that reason, and for that reason alone, the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is affirmed.

ROSS, PJ, and CUSHING, J, concur.